Kevin Cecil Robinson v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-189-CR

KEVIN CECIL ROBINSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his open plea of guilty, the trial court found Appellant Kevin Cecil Robinson guilty of the manufacture of 400 grams or more of methamphetamine and sentenced him to thirty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000.  Appellant brings three points on appeal, arguing that the trial court abused its discretion during the punishment phase by overruling his objections to the prosecutor’s questions of Appellant's mother and Appellant's niece and that the cumulative effect of the two alleged errors mandates a new trial on the issue of punishment.  Because we hold that the trial court did not abuse its discretion, we affirm the trial court’s judgment.

In the State’s cross-examination of Appellant's mother, Annie Robinson, during the punishment phase, she testified about his background.  The State asked her about Appellant's requests for her assistance while he was on probation for an earlier offense.  Appellant objected to the question as not relevant, and the trial court overruled the objection.  As the State points out, just prior to the objected-to question, the following exchange occurred:

[Prosecutor]:  [D]o you believe that you did everything [Appellant] asked you to do to help him to try to successfully complete that probation?  If he asked you for something were you willing to help him?

[Mrs. Robinson]:  Yes.

[Prosecutor]:  If he needed a ride to the probation office, did you give it to him?

[Mrs. Robinson]:  Yes.

[Prosecutor]:  If he needed maybe some money to pay for [a] probation fee or drug testing fee, did you help him financially?

[Mrs. Robinson]:  I would help him when I could, and then he would pay me back when he got his check.

This exchange occurred without objection.

Appellant's niece, Tonya Dilley, also testified on his behalf.  On cross-examination, the prosecutor asked her whether the court should consider as a sentencing factor the fact that a person had only received probation, rather than jail time, for a prior felony.  Appellant objected that the question called for irrelevant evidence and speculation.  The trial court overruled the objections. Dilley did not answer the question.

We review the admission of evidence for an abuse of discretion.
(footnote: 2)  The Texas Court of Criminal Appeals has made it clear that a general relevance objection at trial is a general objection that does not preserve a complaint regarding inadmissible extraneous acts of misconduct.
(footnote: 3)  Also, Mrs. Robinson's testimony was cumulative of similar testimony admitted without objection,
(footnote: 4)  and Dilley's testimony did not include an answer to the question objected to.
(footnote: 5) 

It must also be remembered that this was a bench trial, not a jury trial.  When the judge is the trier of fact, the questions have less influence than in a jury trial.  Additionally, at punishment, wider latitude is afforded to both sides.  The defense is allowed to offer in mitigation evidence that goes beyond that which is relevant to guilt.
(footnote: 6)  Similarly, the State is allowed to show extraneous acts of misconduct, gang affiliation, criminal history, and other matters to guide the trier of fact in assessing an appropriate punishment.
(footnote: 7)
 Consequently, we hold that the trial court did not abuse its discretion by allowing the complained-of questions.  We overrule Appellant’s three points and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).

3:
Medina v. State
, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999), 
cert. denied, 
529 U.S. 1102 (2000) (citing 
Camacho v. State
, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993), 
cert. denied
, 510 U.S. 1215 (1994)).

4:
See
 
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

5:
See
 
Denton v. State
, 896 S.W.2d 580, 584 (Tex. App.—Fort Worth 1995) (“Questions are not evidence.”), 
rev’d on other grounds
, 920 S.W.2d 311 (Tex. Crim. App. 1996).

6:
Taylor v. State
, 970 S.W.2d 98, 102 (Tex. App.—Fort Worth 1998, pet. ref’d).

7:
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2005).